PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TRAVONTE GRIFFIN, ) | |
| ) | CASE NO. 4:23 CV 1920 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| COUNTY OF MAHONING, *et al*., ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |

## I. Background

*Pro se* Plaintiff Travonte Griffin, a convicted and sentenced federal prisoner, has filed an *in forma pauperis* prisoner civil rights complaint in this case under 42 U.S.C. § 1983 against the County of Mahoning; Mahoning County Commissioners "Mr. Traffitanti," "Mr. Ditzler," and "Ms. Rimedio-Righettetti";[1] Mahoning County Sheriff Jerry Greene; Mahoning County Justice Center Warden Captain Kountz; Sgts. Graham, Wallace, and McCullough; "MCJC Food Services/Dietician;" "MCJC Operations;" and "MCJC Administration." ECF No. 1.

The Complaint concerns the conditions of his confinement in the Mahoning County Justice Center (the "Jail" or "MCJC"). In his Complaint, Plaintiff generally complains the Jail is "over-crowded," "under-staffed," and "dangerous;" that two men are locked in a cell designed for one person for 15 hours per day with a toilet that is "backed up [and] won't flush;" and that there is "no fruit or fish on [the] menu" and "no law library." ECF No. 1-1 at PageID #: 7.

---

[1] Plaintiff did not originally state the names of the Commissioners in his Complaint, but he subsequently filed a motion to amend his Complaint to identify them by name (ECF No. 3), which motion is granted.

4:23CV1920

Contending these conditions amount to cruel and unusual punishment and deprive him of his constitutional right of access to the courts, he seeks injunctive and monetary relief.

## II. Standard of Review

Although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011), such principles are not without limits. *See Young Bok Ong v. Gipson,* 423 F. App'x 506, 510 (6th Cir. 2011). Plaintiffs proceeding *pro se* must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf." *Erwin v. Edwards,* 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* complaints filed in federal court and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

To avoid a dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). The factual allegations in the pleading "must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555.

2

4:23CV1920

To state a claim under § 1983, a plaintiff must allege and prove that he was deprived of a right secured by the Constitution or laws of the United States caused by a person acting under color of state law. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### III. Analysis

Having reviewed Plaintiff's filings, the Court finds that his allegations are insufficient to state a plausible claim upon which he may be granted relief. First, to the extent he seeks injunctive relief, his claims are moot as the docket now indicates he is no longer confined in the Jail. *See* ECF No. 4; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Second, to the extent he seeks monetary relief, his Complaint fails to state a plausible constitutional claim against any Defendant.

**1. Conditions of Confinement**

It is well-established that the Constitution "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[R]outine" discomforts of prison life do not suffice to state a claim of cruel and unusual punishment under the Constitution because such "discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992), citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Prison conditions rise to the level of a constitutional violation only when they involve the "wanton and unnecessary infliction of pain," or concern "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. *See also Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant

3

4:23CV1920

experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

Prison overcrowding, standing alone, does not violate the Constitution. *See Rhodes*, 452 U.S. at 348; *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) ("Overcrowding is not, in and of itself, a constitutional violation."). Rather, a plaintiff bears the burden of demonstrating that overcrowded or other general conditions led to independent deprivations of essential food, medical care, sanitation, other necessities. *Rhodes*, 452 U.S. at 348.

Plaintiff's allegations are insufficient to make this showing. The Supreme Court has held that double-bunking, or double-celling, as Plaintiff alleges here does not violate the Constitution. *See Bell* v. Wolfish, 441 U.S. 535, 541-43 (1979) (holding that double-bunking of detainees in cells originally designed for one person for several months does not violate the Constitution); *Halliburton v. Sundquist*, 59 F. App'x 781, 782 (6th Cir. 2003).

Further, while basic decencies should be observed, the Sixth Circuit has recognized on more than one occasion that the Constitution is not violated by a prisoner's temporary placement in a cell with a non-flushable toilet. *See, e.g., Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Rhodes*, 452 U.S. at 347) (a prisoner's claims alleging that he was deprived of a lower bunk, subjected to a flooded cell, and deprived of a working toilet amounted to "only temporary inconveniences and did not demonstrate that [his] conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency"); *Abdur-Reheem-X v. McGinnis*, 193 F.3d 244 (Table), 1999 WL 1045069, at *2 (6th Cir. Nov. 12, 1999) (the Constitution "does not require that prisoners enjoy immediately

4

4:23CV1920

available and flushable toilets"); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) ("We do not agree that it violates the Eighth Amendment to require prisoners to use nonflushable toilets on occasion.").

Finally, Plaintiff has failed to demonstrate that he suffered a constitutional deprivation on the basis of the lack of fish and fruit on the prison menu. "Prisoners have a constitutional right to meals that meet their nutritional needs...[b]ut there is no constitutional right for each prisoner to be served the specific foods he desires[.]" *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015). Nor does the Constitution require that jail food be tasty or widely varied. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). A prison diet does not violate the Constitution when it satisfies an inmate's nutritional requirements, and Plaintiff has not alleged facts supporting a reasonable finding that the food he was provided failed to fulfill his nutritional needs. *See Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 216 (6th Cir. Aug. 8, 2001).

Beyond failing to allege an objectively extreme deprivation in the prison context, Plaintiff's Complaint also fails to allege facts sufficient to impose liability of any Defendant for the conditions of which he complains.

Plaintiff does little to connect each of the individual Defendants he sues to the conditions in the Jail of which he complains, other than generally contending they have some sort of overall responsibility with respect to the operations of the Jail and/or were aware of some of the conditions of which he complains. *See* ECF No. 1-1 at PageID #: 2-4. It is well established that a plaintiff cannot establish the liability of an individual defendant under § 1983 absent a clear showing that the defendant was personally involved in the activities which form the basis of his

5

4:23CV1920

claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, 66 F.3d 326 (6th Cir. 1995). Additionally, merely having supervisory authority in an institution is insufficient to establish liability under § 1983. *Knott v. Sullivan*, 418 F.3d 561, 574 (6th Cir. 2005) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). To state a claim against supervisory officials, a plaintiff must allege facts suggesting "active unconstitutional behavior" on their part in connection with the conditions and conduct of which he complains. *Peatross v. City of Memphis*, 818 F.3d 233, 241–42 (6th Cir. 2016). Plaintiff's Complaint fails to do so. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Plaintiff's allegations are also insufficient to impose liability on Mahoning County. County governments may be sued under § 1983, but "[l]iability may be imposed on a county only when a county 'policy' or 'custom' caused the plaintiff's injury and a 'direct causal link' existed between the policy and purported [rights violation]." *Jones v. Muskegon County*, 625 F.3d 935, 946 (6th Cir. 2010). To state a claim, a plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 598 (6th Cir. 2021) (quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018)).

6

4:23CV1920

Plaintiff's Complaint does not allege a policy or custom of Mahoning County, much less one connected to the conditions in the Jail that allegedly caused a violation of his constitutional rights.

### 2. Access to the Courts

Plaintiff's Complaint also fails to allege a plausible claim that he was deprived of his right of access to the courts. In his Complaint, he contends he was deprived of this right because the Jail does not have a law library, and "there is no access to law books, word processors, type writers, [or a] copy machine." ECF No. 1-1 at PageID #: 5.

Although prisoners have a constitutional right under the First Amendment of access to the courts, including access to legal and writing materials, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), in order to state a claim, a plaintiff must plead and demonstrate that his lack of access to such materials actually hindered his efforts to pursue a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). And the right of access to the courts does not extend to any type of legal claim. Rather, the right is limited to a prisoner's filing of a non-frivolous direct criminal appeal, habeas corpus application, or civil rights action challenging the conditions of his confinement. *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003).

Plaintiff has not alleged he suffered actual injury to a non-frivolous direct criminal appeal, habeas corpus application, or civil rights action. He states only that the outcome of "a JFS case" in which he was representing himself "may have changed" had there been a law library or law clerk available in the Jail. ECF No. 1-1 at 5. This allegation is insufficient to state a plausible constitutional access to the courts claim.

7

4:23CV1920

## IV. Conclusion

For the foregoing reasons, Plaintiff's Complaint fails to state a plausible claim upon which he may be granted relief and is dismissed pursuant to 28 U.S.C. § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

| | |
|---|---|
|  February 29, 2024 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |